FILED

NOV 0 8 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ⌐ʃʞ          DEPUTY

1
2
3
4
5
6
7
8
9
10

11            UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13
14   EDUARDO HERNANDEZ-De La CRUZ,            )
                                              )
15              Petitioner,                   )  Cr. No.   11-3272GT
                                              )  Cv. No.   11-2670GT
16              v.                            )
                                              )  ORDER
17   UNITED STATES OF AMERICA                 )
                                              )
18              Respondent.                   )
                                              )
19

20        On November 16, 2011, Petitioner, Eduardo Hernandez-De La Cruz ("Mr. Hernandez"), filed

21   a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Hernandez requests

22   a two level downward departure based on his status as a deportable alien, which Mr. Hernandez

23   asserts "should have been considered as a mitigating factor" at his sentencing. The Court has fully

24   considered this matter, including a review of Mr. Hernandez's brief filed, the authorities cited

25   therein and the arguments presented. For the reasons stated below, Mr. Hernandez's Motion to

26   Modify Sentence is **DENIED**.

27   //

28   //

1    First, Mr. Hernandez pled guilty, pursuant to a written plea agreement, to one count of illegal

2    Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).  In the

3    written plea agreement, Mr. Hernandez explicitly waived his right to appeal and/or collaterally

4    attack his conviction or sentence.  The Ninth Circuit has long acknowledged that the terms of a plea

5    agreement are enforceable.  *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996),

6    *cert. denied,* 117 S.Ct. 1282 (1997).  Since Mr. Hernandez expressly waived his statutory right to

7    appeal or collaterally attack his sentence in his plea agreement, Mr. Hernandez is now precluded

8    from challenging that sentence pursuant to 28 U.S.C. § 2255.  *See,* United States v. Abarca, 985

9    F.2d 1012, 1014 (9th Cir. 1993)  (holding that a knowing and voluntary waiver of a statutory right

10   is enforceable).

11   Moreover, even if Mr. Hernandez had not expressly waived his right to appeal or collaterally

12   attack his sentence, his petition would still fail.  In essence, Mr. Hernandez argues that because of

13   his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security

14   confinement."  Mr. Hernandez argues that the Court should grant him a two level downward

15   departure because of his status.  However, Mr. Hernandez's argument that the Court should depart

16   downward because he is a deportable alien is precluded by statute and current Ninth Circuit case

17   law.  By statute, the Court may depart downward only if there are "aggravating or mitigating

18   circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18

19   U.S.C. § 3553(b).    Specifically, the Ninth Circuit has held that the threat of deportation is not a

20   factor that the district court may consider for sentencing purposes.  United States v. Alvarez-

21   Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1]  Accordingly,

22   //

23   //

24   //

25

26   _____

27   [1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not
     entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a
     deportable alien he is not eligible to spend the last six months of his sentence in a half way

28   house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th
     Cir. 1996).

11CR3270

1   **IT IS ORDERED** that Mr. Hernandez's Motion to Modify Sentence is **DENIED.**

2   **IT IS SO ORDERED.**

3

4

5   date  1/8/12

6                                            GORDON THOMPSON, JR.
                                             United States District Judge

7   cc:  AUSA Bruce Castetter          Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11CR3270